```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED  7/13/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
JENNIFER SUAREZ *on behalf of Christopher Sanchez*, :
:
                                Plaintiff, :              1:20-cv-5151-GHW
:
                                   -v - :                  ORDER
:
COMMISSIONER OF SOCIAL SECURITY, :
:
                              Defendant. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    Plaintiff brings this action *pro se*. Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Plaintiff is directed to resubmit the signature page of the complaint with an original signature to the Court by August 13, 2020.

    On July 6, 2020 Plaintiff applied for leave to proceed *in forma pauperis* ("IFP"), without prepaying fees or costs. Dkt. No. 1. Plaintiff failed to complete all of question 2 of the IFP application. As a result, the Court cannot grant this request, and Plaintiff's application for *in forma pauperis* status is DENIED without prejudice. Plaintiff is directed to resubmit the IFP application by August 13, 2020.

    Finally, Plaintiff brings this action *pro se* on behalf of Christopher Sanchez. In general, a plaintiff cannot bring suit on behalf of others. *See* 28 U.S.C. § 1654. A litigant proceeding *pro se* "must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)

("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). However, "[w]here a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, we hold that in such cases a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney." *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002). Therefore, Plaintiff is directed to submit a letter to the Court by August 13, 2020 explaining why Plaintiff brings this claim on behalf of Mr. Sanchez and Plaintiff's interest in this case, including whether Plaintiff is Mr. Sanchez's parent and whether Mr. Sanchez is a minor.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Date: July 11, 2020

_____
GREGORY H. WOODS
United States District Judge