```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
JENNIFER SUAREZ on behalf of Christopher Sanchez,                :
                                                                 :
                                    Plaintiff,                   :    1:20-cv-5151-GHW
                                                                 :
               -v -                                              :    ORDER
                                                                 :
COMMISSIONER OF SOCIAL SECURITY,                                 :
                                                                 :
                                    Defendant.                   :
                                                                 :
---------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 1/5/2021

GREGORY H. WOODS, United States District Judge:

On July 11, 2020, the Court entered an order that identified certain deficiencies in Plaintiff's Complaint and request to proceed *in forma pauperis*. Dkt. No. 5. The Court directed Plaintiff to remedy these deficiencies by August 13, 2020. *Id.* As of August 25, 2020, the Court had not received Plaintiff's submissions. Accordingly, the Court entered an order directing Plaintiff to comply with the July 11, 2020 order by no later than September 14, 2020. Dkt. No. 6.

On October 22, 2020, the Court entered another order, directing Plaintiff to comply with the Court's July 11, 2020 order by no later than November 11, 2020. The Court warned, "Plaintiff has failed to comply with two court orders. Failure to comply with this order may result in the dismissal of this action for failure to prosecute." Dkt. No. 7. As of the date of this order, Plaintiff still has not complied with any of the Court's orders, has not remedied the deficiencies identified by the Court in the July 11, 2020 order, and has not filed anything in this action since filing the Complaint on July 6, 2020.

Therefore, as the Court warned, Plaintiff's case is dismissed for failure to prosecute. "Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-cv-

10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of plaintiff's failures; (2) whether plaintiff has received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

It has been nearly six months since this case was filed and Plaintiff has failed to comply with—or even respond to—three court orders. Despite being warned that failure to comply could result in dismissal of this action, Plaintiff has completely ignored the Court's orders and has not filed anything in this case since filing the Complaint, which the Court identified as deficient because it was unsigned. Dkt. No. 5. Because "Plaintiff has made no effort to comply with the Court's Orders or to prosecute this case, it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio v. Beckford*, 05-cv-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). In light of Plaintiff's continued failure to comply with this Court's orders, the Court does not believe that any lesser sanction other than dismissal would be effective. However, under these circumstances, the Court finds that dismissal without prejudice is an appropriate sanction which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining

open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-cv-00826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is directed to close the case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff by first class and certified mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Date:  January 5, 2021

GREGORY H. WOODS  
United States District Judge